IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ALISHA BAILEY, | No. 2:15-CV-0153-CMK |
| Plaintiff, | |
| vs. | MEMORANDUM OPINION AND ORDER |
| COMMISSIONER OF SOCIAL SECURITY, | |
| Defendant. | |

Plaintiff, who is proceeding with retained counsel, brings this action under 42 U.S.C. § 405(g) for judicial review of a final decision of the Commissioner of Social Security. Pursuant to the written consent of all parties, this case is before the undersigned as the presiding judge for all purposes, including entry of final judgment. See 28 U.S.C. § 636(c). Pending before the court are plaintiff's motion for summary judgment (Doc. 11) and defendant's cross-motion for summary judgment (Doc. 12).

/ / /

/ / /

/ / /

## I. PROCEDURAL HISTORY

Plaintiff applied for social security benefits on April 29, 2011. In the application, plaintiff claims that disability began on April 28, 2011. Plaintiff's claim was initially denied. Following denial of reconsideration, plaintiff requested an administrative hearing, which was held on June 10, 2013, before Administrative Law Judge ("ALJ") Mark C. Ramsey. In a July 10, 2013, decision, the ALJ concluded that plaintiff is not disabled based on the following relevant findings:

    1.    Since July 1, 2012, the claimant has the following severe impairment(s): epilepsy, depression, and post-traumatic stress disorder;

    2.    The claimant does not have an impairment or combination of impairments that meets or medically equals an impairment listed in the regulations;

    3.    The claimant has the following residual functional capacity: the claimant can perform a full range of work at all exertional levels; the claimant should not perform jobs with height and dangerous machinery due to seizures and is limited to simple unskilled work with limited frequent public and fellow employee contact; and

    4.    Considering the claimant's age, education, work experience, residual functional capacity, and the Medical-Vocational Guidelines, there are jobs that exist in significant numbers in the national economy that the claimant can perform.

After the Appeals Council declined review on October 31, 2014, this appeal followed.

## II. STANDARD OF REVIEW

The court reviews the Commissioner's final decision to determine whether it is: (1) based on proper legal standards; and (2) supported by substantial evidence in the record as a whole. See Tackett v. Apfel, 180 F.3d 1094, 1097 (9th Cir. 1999). "Substantial evidence" is more than a mere scintilla, but less than a preponderance. See Saelee v. Chater, 94 F.3d 520, 521 (9th Cir. 1996). It is ". . . such evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 402 (1971). The record as a whole, including both the evidence that supports and detracts from the Commissioner's conclusion, must

be considered and weighed.  See Howard v. Heckler, 782 F.2d 1484, 1487 (9th Cir. 1986); Jones v. Heckler, 760 F.2d 993, 995 (9th Cir. 1985).  The court may not affirm the Commissioner's decision simply by isolating a specific quantum of supporting evidence.  See Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989).  If substantial evidence supports the administrative findings, or if there is conflicting evidence supporting a particular finding, the finding of the Commissioner is conclusive.  See Sprague v. Bowen, 812 F.2d 1226, 1229-30 (9th Cir. 1987).  Therefore, where the evidence is susceptible to more than one rational interpretation, one of which supports the Commissioner's decision, the decision must be affirmed, see Thomas v. Barnhart, 278 F.3d 947, 954 (9th Cir. 2002), and may be set aside only if an improper legal standard was applied in weighing the evidence, see Burkhart v. Bowen, 856 F.2d 1335, 1338 (9th Cir. 1988).

### III.  DISCUSSION

In her motion for summary judgment, plaintiff argues that the ALJ failed to properly evaluate the opinions of the consultative psychologist.  The weight given to medical opinions depends in part on whether they are proffered by treating, examining, or non-examining professionals.  See Lester v. Chater, 81 F.3d 821, 830-31 (9th Cir. 1995).  Ordinarily, more weight is given to the opinion of a treating professional, who has a greater opportunity to know and observe the patient as an individual, than the opinion of a non-treating professional.  See id.; Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Winans v. Bowen, 853 F.2d 643, 647 (9th Cir. 1987).  The least weight is given to the opinion of a non-examining professional.  See Pitzer v. Sullivan, 908 F.2d 502, 506 & n.4 (9th Cir. 1990).

In addition to considering its source, to evaluate whether the Commissioner properly rejected a medical opinion the court considers whether:  (1) contradictory opinions are in the record; and (2) clinical findings support the opinions.  The Commissioner may reject an uncontradicted opinion of a treating or examining medical professional only for "clear and

convincing" reasons supported by substantial evidence in the record.  See Lester, 81 F.3d at 831.  While a treating professional's opinion generally is accorded superior weight, if it is contradicted by an examining professional's opinion which is supported by different independent clinical findings, the Commissioner may resolve the conflict.  See Andrews v. Shalala, 53 F.3d 1035, 1041 (9th Cir. 1995).  A contradicted opinion of a treating or examining professional may be rejected only for "specific and legitimate" reasons supported by substantial evidence.  See Lester, 81 F.3d at 830.  This test is met if the Commissioner sets out a detailed and thorough summary of the facts and conflicting clinical evidence, states her interpretation of the evidence, and makes a finding.  See Magallanes v. Bowen, 881 F.2d 747, 751-55 (9th Cir. 1989).  Absent specific and legitimate reasons, the Commissioner must defer to the opinion of a treating or examining professional.  See Lester, 81 F.3d at 830-31.  The opinion of a non-examining professional, without other evidence, is insufficient to reject the opinion of a treating or examining professional.  See id. at 831.  In any event, the Commissioner need not give weight to any conclusory opinion supported by minimal clinical findings.  See Meanel v. Apfel, 172 F.3d 1111, 1113 (9th Cir. 1999) (rejecting treating physician's conclusory, minimally supported opinion); see also Magallanes, 881 F.2d at 751.

        As to the consultative psychologist, the ALJ stated:

> The consultative psychologist, Sid Cormier, Ph.D., examined the claimant and diagnosed her with post-traumatic stress disorder, generalized anxiety disorder, and major depressive disorder (Exhibit 5F/4).  The claimant reported to Dr. Cormier that she has difficulty sleeping, nightmares on a nightly basis, fluctuating appetite and weight, low energy level, suicidal ideations daily, and her mood is typically (Exhibit 5F/2-3). Dr. Cormier observed the claimant's mood appeared to be anxiety and hostility with a guarded affective quality; and her thought process was slow and lethargic fashion consistent with significant depression (Exhibit. 5F/4).  Dr. Cormier opined the claimant had no significant impairment in her ability to deal with the typical stresses encountered in a competitive work situation, perform persistence, no evidence of decompensating in a work like setting or being a psychological or behavioral safety concern in a work setting, and performing most activities of daily living; and mild impairment in her ability to perform simple and repetitive tasks, accept and remember instructions from supervisors, perform concentration and pace, and deal with routine changes in the work setting (Exhibit 5F/5).  Dr.

>Cormier opined the claimant had moderate impairment in her ability to maintain regular attendance and perform work activities on a consistent basis complete a normal workday or workweek without interruptions, and interact with coworkers and the general public; and serious impairment in her ability to perform complex and detailed tasks (Exhibit 5F/5).
>
>Great weight is given to . . . Dr. Cormier's opinions because they are substantially consistent with . . . the finding that the claimant can perform simple unskilled work without frequent public or fellow employee contact. Dr. Cormier's opinion was based on his direct examination, observations, and objective findings.

The ALJ also stated: "Dr. Cormier opined the claimant had moderate limitations in her ability to maintain regular attendance and perform work activities on a consistent basis, complete a normal workday or workweek without interruptions, and interact with cor-workers and the general public (Exhibit 5F/5)."

Plaintiff argues:

>The problem, however, is that the ALJ misread Dr. Cormier's opinions. Instead of finding a moderate degree of impairment, Dr. Cormier stated that Alisha Bailey has a moderate to serious degree of impairment. AR 337. Thus, Dr. Cormier set forth a greater degree of functional limitation than that the ALJ had assessed.

Plaintiff concludes that "the ALJ ended up rejecting Dr. Cormier's true opinions without articulating any reason."

In his June 2011 report, Dr. Cormier provided the following functional assessment:

>Psychologically and behaviorally, the ramifications of this woman's severe depression, generalized anxiety disorder, post-traumatic stress disorder, obsessive and compulsive traits, and cannabis dependence are likely to seriously impair her ability to perform complex and detailed tasks, but perhaps mildly to moderately impair her ability to perform simple and repetitive ones. The aforementioned conditions, combined with her history of seizures, are likely to *moderately to seriously* impair her ability to maintain regular attendance and perform work activities on a consistent basis. She has experienced seizures in the workplace and as a result had to go on disability. It does not appear that she would benefit from special or additional supervision. Her ability to complete a normal workday or workweek without interruptions resulting from the ramifications of her significant depression, anxiety, post-traumatic stress, cannabis dependence, and the ramifications of her seizure disorder appears *moderately to seriously* impaired. . . . (emphasis added).

5

1  Dr. Cormier concluded: "Ostensibly, she did not appear functional outside of a moderately to
2  highly supportive situation at this time."

3  According to defendant, the ALJ accepted Dr. Cormier's opinions and, therefore,
4  there is no error.  The court does not agree.  Defendant states: "The ALJ pointed out Dr. Cormier
5  opined Plaintiff's impairments moderately to seriously impaired her ability to maintain regular
6  attendance and perform work activities on a consistent basis (Tr. 337)."  While defendant's
7  citation to the record accurately notes the Dr. Cormier's opinion that plaintiff's is "moderately to
8  seriously" limited, defendant does not accurately describe the ALJ's summary."  Throughout the
9  discussion of Dr. Cormier's opinions, the ALJ repeatedly indicates that Dr. Cormier opined that
10 plaintiff was moderately limited.  Contrary to defendant's assertion that the ALJ "pointed out"
11 Dr. Cormier's opinion, the ALJ failed to acknowledge the doctor's actual expressed opinion that
12 plaintiff is "moderately to seriously" limited in her ability to maintain regular attendance and
13 perform work activities on a consistent basis as well as her ability to complete a normal workday
14 or workweek without interruptions.  Defendant does not address the discrepancy between the
15 ALJ's characterization of Dr. Cormier's opinion and the doctor's actual opinion.
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

## IV.  CONCLUSION

For the foregoing reasons, this matter will be remanded under sentence four of 42 U.S.C. § 405(g) for further development of the record and/or further findings addressing the deficiencies noted above.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (Doc. 11) is granted;
2. Defendant's cross motion for summary judgment (Doc. 12) is denied;
3. This matter is remanded for further proceedings consistent with this order; and
4. The Clerk of the Court is directed to enter judgment and close this file.

DATED:  March 11, 2016

_____
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE